# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

REFUGIO RAMOS,

       Plaintiff,

vs.                                           CV No. 15-980 MV/CG

C. ORTIZ CORP., FOAM AMERICA, INC.,
GREAT NORTHERN BUILDING
PRODUCTS, GREAT NORTHERN
HOLDING, LLC, REEVES ROOFING
EQUIPMENT CO., INC., REEVES
ROOFING COMPANY, LLC, and
NOVA GROUP HOLDINGS, LLC,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court upon *Plaintiff's Motion to Remand* ("Motion to Remand"), (Doc. 14), filed November 23, 2015; *Defendant C. Ortiz[ ] Corp[.]'s Response in Opposition to Plaintiff's Motion to Remand* ("Response"), (Doc. 16), filed December 7, 2015; *Plaintiff's Reply in Support of Plaintiff's Motion to Remand (Doc. 14)* ("Reply"), (Doc. 21), filed December 22, 2015; and *Defendant C. Ortiz[ ] Corp[.]'s Surreply to Plaintiff's Reply in Support of Plaintiff's Motion to Remand (Doc. 21)* ("Surreply"), Doc. 32), filed January 20, 2016. Also before the Court is *Plaintiff's Opposed Motion to Stay Ruling on Defendant C. Ortiz Corp.'s Motion to Dismiss (Doc. 7), Pending the Court's Ruling on Plaintiff's Motion to Remand* ("Motion to Stay"), (Doc. 13), filed November 23, 2015, and *Defendant C. Ortiz[ ] Corp[.]'s Response to Plaintiff's Motion to Stay Ruling on Defendant C. Ortiz Corp.'s Motion to Dismiss (Doc. 7),*

*Pending the Court's Ruling on Plaintiff's Motion to Remand*, (Doc. 17), filed December 7, 2015.[1]

United States District Judge Martha Vazquez referred Plaintiff's Motion to Remand and Motion to Stay to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition of the case. (Doc. 23). Because Defendant's Notice of Removal was timely and any other procedural defect has been cured, and because the Court has subject matter jurisdiction over this action, the Court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**. The Court further **RECOMMENDS** that Plaintiff's Motion to Stay be **DENIED AS MOOT**.

## I.        Factual and Procedural Background

On August 26, 2015, Plaintiff filed *Plaintiff's Original Complaint for Personal Injuries* (the "Complaint"), (Doc. 1-1 at 2–13), in the Third Judicial District Court in Doña Ana County, New Mexico. In the Complaint, Plaintiff alleges that he suffered severe injuries while working as a master roofer for Defendant C. Ortiz Corp., and alleges claims against several defendants. (*Id.* at 4). Plaintiff asserts that the defendants' intentional and negligent conduct proximately caused his injuries, and seeks compensatory and punitive damages. (*Id.* at 4–8).

The state court record reflects that Defendant C. Ortiz Corp. was served with the Complaint on September 23, 2015. Defendant Foam America appeared and answered

---

[1] Defendants Foam America, Inc., Great Northern Building Products, Great Northern Holding, LLC, Reeves Roofing Equipment Co., Inc., Reeves Roofing Company, LLC, and Nova Group Holdings, LLC did not respond in opposition to Plaintiff's Motion to Remand or Motion to Stay.

the state court action on September 25, 2015. The remaining defendants had not yet appeared or otherwise entered the suit.[2]

On October 29, 2015, Defendants C. Ortiz Corp. and Foam America ("Defendants") filed their *Notice of Removal* ("Notice of Removal"), (Doc. 1), on the basis of federal enclave jurisdiction. Thereafter, Plaintiff filed his Motion to Remand, arguing that this case should be remanded to state court on several procedural and jurisdictional grounds. (Doc. 14). Defendant C. Ortiz Corp. ("Defendant") responded in opposition, arguing that any procedural defects had been cured, and that this Court otherwise has jurisdiction over the case. (Doc. 16).

## II.    Standard of Review

Pursuant to 28 U.S.C. 1441(a), a defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending," if the federal district court has original jurisdiction over the matter. Given the federal court's role as a limited tribunal, there is a presumption against removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). Indeed, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted). As a result, "[t]he removing party bears the burden of establishing the requirements for federal jurisdiction." *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1198 (D.N.M. 2012) (internal citations omitted).

---

[2] The record reflects that Defendants Great Northern Building Products and Great Northern Holding, LLC answered the Complaint on December 4, 2015, after the case had been removed to federal court. (Doc. 15). Defendants Nova Group Holdings, LLC, Reeves Roofing Equipment Co., Inc., and Reeves Roofing Company, LLC, have not yet appeared in this lawsuit.

> In order to remove an action from state court, a defendant must file
>
> a notice of removal signed pursuant to Rule 11 of the Federal Rules of
> Civil Procedure and containing a short and plain statement of the grounds
> for removal, together with a copy of all process, pleadings, and orders
> served up on such defendant . . . in such action.

28 U.S.C. § 1446(a). The removal statute requires that the notice of removal of a civil

action be filed within thirty days after either: (1) "the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading;" or (2) if the case stated by the

initial pleading is not removable, "the receipt of a copy of an amended pleading, motion,

order or other paper from which it may first be ascertained that the case is one which is

or has become removable." *Id.* at § 1446(b)(1), (3). A defect in the removal procedure or

a lack of subject matter jurisdiction is grounds for remanding the case to the State court

from which is was removed. *Id.* at 1447(c).

### III.   Analysis

Plaintiff argues that this case should be remanded to state court on several

grounds. First, Plaintiff contends that the Notice of Removal filed on October 29, 2015,

is procedurally defective, as it is untimely and does not contain a copy of all process,

pleadings, and orders served upon Defendants as required by 28 U.S.C. § 1446(a).

Second, Plaintiff maintains that this Court does not have original jurisdiction over this

matter because Plaintiff's claims arise from New Mexico state law, and not the law of

the United States. Finally, Plaintiff argues that his claims against Defendant arise under

state workmens' compensation laws, and therefore may not be removed to federal court

pursuant to 28 U.S.C. 1445(c). (Doc. 14 at 1–2).

Defendant responds that this case was properly removed and that

Plaintiff's Motion to Remand should be denied. As to Plaintiff's procedural arguments, Defendant maintains that the Notice of Removal was timely filed, as it was filed within thirty days after receiving notice that this case was removable. (Doc. 16 at 4–7; Doc. 32). Defendant further argues that the failure to attach any state court records to the Notice of Removal was an inadvertent error and a technical defect, which is curable under Tenth Circuit precedent. (*Id.* at 7–8). As to Plaintiff's jurisdictional arguments, Defendant contends that the Court has original jurisdiction over this matter, as Plaintiff's claims arise from incidents occurring on a federal enclave. (*Id.* at 8–11). Finally, Defendant maintains that 28 U.S.C. 1445(c) does not preclude removal in this case, as Plaintiff's claims are grounded in negligence and intentional torts, rather that the New Mexico state workers' compensation laws. (*Id.* at 11–14).

Plaintiff also moves this Court to stay ruling on Defendant's *Motion To Dismiss Under Rule 12(b)(6) and Memorandum in Support of its Motion to Dismiss* ("Motion to Dismiss"), (Doc. 7), until the Court rules on Plaintiff's Motion to Remand. In response, Defendant states that it does not dispute that the Court may rule on Plaintiff's Motion to Remand before considering any other dispositive motions. Defendant further argues that, to the extent Plaintiff is seeking an extension of briefing deadlines for the Motion to Dismiss, that request should be denied.

Plaintiff's Motion to Stay, however, does not request, or even mention, an extension of briefing deadlines for Defendants' Motion to Dismiss. Because of this, and because the Court will rule on Plaintiff's Motion to Remand before it considers Defendant's Motion to Dismiss as Plaintiff has requested, the Court **RECOMMENDS** that *Plaintiff's Opposed Motion to Stay Ruling on Defendant C. Ortiz Corp.'s Motion to*

*Dismiss (Doc. 7), Pending the Court's Ruling on Plaintiff's Motion to Remand*, (Doc. 13),

be **DENIED AS MOOT**. In the event Plaintiff would like to seek an extension of the

briefing deadlines for Defendant's Motion to Dismiss, he should do so in an appropriate

motion.

### A. <u>Removal Procedure</u>

Plaintiff first argues that Defendant's Notice of Removal is procedurally defective,

as it is untimely and did not include all papers required under 28 U.S.C. 1446(a). The

Court will address each of these arguments in turn.

### 1. *The Court Does Not Find the Notice of Removal Untimely*

Plaintiff first contends that Defendant's Notice of Removal is untimely.  Plaintiff

argues that, to be timely, a notice of removal must be filed within thirty days after the

receipt by the defendant of the initial pleading setting forth the claims for relief upon

which the action is based. (Doc. 14 at 6 (citing 28 U.S.C. § 1446(a))). Plaintiff asserts

that the state court record reflects that Defendant was served with Plaintiff's Complaint

on September 23, 2015. Thus, Defendant's Notice of Removal, filed on October 29,

2015, was not filed within the thirty-day period.

Defendant responds that the Notice of Removal was timely filed, as it was filed

within thirty days after receiving notice that this case was removable. (Doc. 16 at 4–8).

Defendant maintains that this Circuit requires clear and unequivocal notice of

removability from the initial pleading, or subsequent other paper, to trigger the thirty-day

removal period. Defendant argues that, because Plaintiff's Complaint does not provide

clear and unequivocal notice that the events giving rise to this lawsuit occurred on White

Sands Missile Range ("WSMR"), and because Defendant relies on this fact to establish

federal jurisdiction, the thirty-day period for removal did not begin to run upon service of the Complaint. Rather, Defendant argues, the thirty-day period was triggered by service of Plaintiff's Motion to Remand, in which Plaintiff clearly and unequivocally confirmed that this case arises from events which occurred on WSMR. (Doc. 16 at 6).

"The right to remove a case to federal court is determined from allegations set forth in the initial pleading, 'or *other paper* from which it may first be *ascertained* that the case is one which is or has become removable . . . .'" *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998) (citing 28 U.S.C. § 1446(c)). The Tenth Circuit has explained that, in order for the thirty-day period to run, the notice that the action is removable must be unequivocal, and that the statement of removability should not be ambiguous, or require an extensive investigation to determine removability. *Id.* This Circuit rejected the rule from other circuits, which requires a defendant to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist. *Id.* at 1036.

Here, Defendant seeks removal of this case based on federal enclave jurisdiction. (Doc. 1 at 2–3). Thus, the fact that the injuries occurred on WSMR, an alleged federal enclave, is a fact relevant to Defendant's alleged basis of jurisdiction. In the Complaint, Plaintiff alleges that "[t]he job-site was located at the White Sands' [sic] Missile Range of Alamogordo, New Mexico." (Doc. 1-1 at 4, ¶10). Plaintiff further alleges that "[o]n Monday, March 2, 2009, Defendants were installing sewer pipe at Roadrunner Parkway, Las Cruces, New Mexico, beginning at 7:00 a.m." (*Id.* at ¶ 13). In the next paragraph, Plaintiff goes on to describe events leading up to Plaintiff's injury while working on the roof of a building on November 19, 2013. (*Id.* at ¶ 14). Plaintiff does not

indicate whether this location was at WSMR or on Roadrunner Parkway in Las Cruces. Defendant has relied on federal enclave jurisdiction as the basis of removal; however, the events leading up to the injury, as described in the Complaint, do not clearly indicate that the right to removal exists.

Plaintiff argues that, because the Complaint states that the job-site was located at WSMR and Defendant was Plaintiff's employer engaged in construction at the job-site, Defendant must have known that the events leading up to the injury took place at WSMR. Plaintiff contends that it is unreasonable to rely on Paragraph 13 of the Complaint, which Plaintiff characterizes as a typographical error, to suggest that it is unclear whether the events took place at WSMR or on Roadrunner Parkway in Las Cruces.

As an initial matter, the Court does not agree with Plaintiff's characterization of Paragraph 13 of the Complaint as a typographical error. Indeed, as Defendant points out, typographical errors are generally mistakes (such as a misspelled word) in typed or printed text. Merriam-Webster Online Dictionary (2014), *available at* http://www.merriam-webster.com/dictionary/typo. While the statement regarding work performed on Roadrunner Parkway may be from an unrelated suit and included in the Complaint in error, it is nevertheless a statement of fact which has bearing on whether there is federal jurisdiction over this case. The intended meaning of the statement, or the fact that it was included in error, is not necessarily obvious to the reader.

In support of his argument, Plaintiff cites to *Aranda v. Foamex Int'l d/b/a FXI, Inc.*, 884 F. Supp. 2d 1186 (D.N.M. 2012) for the proposition that a misspelling or other typographical error in a plaintiff's papers does not relieve the defendant of its obligation

to file a notice of removal within thirty days from service of the complaint. *Id.* at 1210–14. In that case, the Court discussed whether a typographical error in the spelling of a defendant's name on the service of process delayed the start of the thirty-day removal period. *Id.* Ultimately, the Court held that the error did not delay the start of the thirty-day removal period because, despite the misspelling, defendant FXI, Inc. was on notice that it was being sued when it was served with a complaint that was incorrectly captioned as "Foamex International doing business as FXI, Inc." *Id.* at 1212. In its discussion, the Court noted that the relevant inquiry in answering whether the defendants were on notice of the suit, was whether "intelligent persons can understand what was intended." *Id.* at 1210 (citing *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1226 n.22 (D.N.M. 2012)).

The Court finds the facts here to be distinguishable from *Aranda*. This is not a case in which the Defendant's name was merely misspelled on service of process, a word was omitted from a sentence, or where there was some other "technical defect," despite which an intelligent person could understand what was intended. *Id.* at 1210, 1214. Again, here, the Complaint contains a statement of fact which has bearing on whether there is federal jurisdiction over this case, a statement which cannot be easily dismissed as an obvious error.

Although it is possible that Defendant could have determined or assumed that the events leading up to Plaintiff's injury took place on WSMR, the facts as stated in the Complaint also indicate that it is possible the events took place on Roadrunner Parkway in Las Cruces. As a result, it cannot be said that the Complaint clearly and unequivocally notified Defendant of its right to removal. Because the Tenth Circuit does

not impose a duty on defendants to investigate and determine removability where the initial pleading indicates that the right to remove may exist, *Akin*, 156 F.3d at 1035, Plaintiff's Complaint did not trigger Defendant's obligation to remove the case. *See Zamora v. Wells Fargo Home Mortgage*, 831 F. Supp. 2d 1284, 1296 (D.N.M. 2011) (holding that because it was possible that the plaintiff may be seeking more than $75,000.00, but also possible that the plaintiff could be seeking less, the original complaint did not clearly and unequivocally make the defendant aware of its right to removal).

Furthermore, Plaintiff's argument that Defendant should know the location of its own job site, and therefore that this case is removable, is similarly unavailing. In order for the thirty-day period to be triggered, "this [Circuit] requires clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer or an interrogatory." *Akin*, 156 F.3d at 1036. To find that Defendant received notice of removability from Plaintiff's Complaint would require Defendant to specifically determine that Plaintiff was working for Defendant at WSMR at the time of the injury, information that is contradicted by other statements of fact in the Complaint. Again, given that there is no duty to investigate and determine removability in this Circuit, Plaintiff's Complaint standing alone did not provide clear, unequivocal notice of removability, and therefore did not trigger the thirty-day period for removal. *See Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008) (holding that requiring the defendant to ascertain information outside of the original complaint having a bearing on removability did not render notice of removal untimely).

Therefore, the Court finds that Plaintiff's Complaint did not sufficiently notify Defendants of their right to removal, and, as a result, did not trigger the thirty-day period by which Defendants must remove the case. The Court agrees that Plaintiff first clearly and unequivocally gave Defendant notice that the underlying events in this case took place on WSMR in his Motion to Remand. (*See* Doc. 14 at 2–3, ¶ 3). In fact, Defendant determined that the case may be removable during the course of its own investigation in the weeks following service of the Complaint on September 23, 2015. (*See* Doc. 1-3 (correspondence between the parties dated October 16, 2015 in which Defendant acknowledges that this case may be removable on the basis of federal enclave jurisdiction)). Defendant subsequently filed the Notice of Removal thirty-six days after service of the Complaint—October 29, 2015. (Doc. 1). Given that Defendant determined removability by its own investigation in the weeks after service of the Complaint, the Court finds that the Notice of Removal is timely.

### 2.  The Court Will Not Remand for De Minimus Defects

Second, Plaintiff argues that this case should be remanded for Defendant's failure to properly comply with 28 U.S.C. 1446(a), which requires that the notice of removal include a copy of all process, pleadings, and orders served up on the defendant in the action. (Doc. 14 at 6). Plaintiff states that Defendant failed to include the "summons return" for Defendant C. Ortiz Corp., and Defendant Foam America's answer to Plaintiff's Complaint in the Notice of Removal, a defect which warrants remand. (*Id.*).

Defendant responds that the failure to attach the above documents was inadvertent, as those documents are referenced in the Notice of Removal, and attached

11

to Defendant's Response. (Doc. 16 at 7 (citing Doc. 1-1); Doc. 16-1 at 14–22, 23–24).

Defendant maintains that Plaintiff was in no way prejudiced by this defect, as Plaintiff

was already in possession of both documents at the time the Notice of Removal was

filed. (Doc. 16 at 8). Defendant contends that the Tenth Circuit has held that these types

of procedural defects are *de minimus* and curable, either before or after the thirty-day

removal period. Doc. 16 at 7).

Under this Circuit's jurisprudence, a *de minimus* procedural defect in a notice of

removal is a defect that is curable either before or after the expiration of the thirty-day

removal period, and does not necessitate remand of the case to state court.

*Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011). In considering

whether a defect is *de minimus*, courts have considered whether the defect was cured,

whether the defect prejudiced the plaintiff, and whether the district court's ability to

proceed with the case was materially impaired. *Id.* at 1273. A defendant's failure to

attach a summons to a notice of removal has specifically been found to be a *de*

*minimus* procedural defect. *See Id.* Similarly, a defendant's failure to attach a response

to a motion to dismiss filed at the state court level, when the document was then

provided to the Court, has also been held to be *de minimus. See May v. Bd. of Cty.*

*Comm'rs for Cibola Cty.*, 945 F. Supp. 2d 1277, 1303–04 (D.N.M. 2013).

Here, Defendant does not dispute that it failed to attach the "summons return" for

Defendant C. Ortiz Corp., and Defendant Foam America's answer to Plaintiff's

Complaint in its Notice of Removal. However, based on the law stated above, the Court

finds these procedural defects to be *de minimus. See Countryman*, 639 F.3d at 1273;

*May*, 945 F. Supp. 2d at 1303–04. In addition, Defendant has already cured this defect

by attaching the documents to its Response, (Doc. 16-1 at 14–22, 23–24), and its *Amended Notice of Removal*, (Doc. 20), filed December 21, 2015.[3] Furthermore, as Defendant argues, Plaintiff could not have been prejudiced by this defect, as he was already in possession of both documents and attached them to his Motion. (*See* Docs. 14-1 & 14-2). Finally, Defendant's failure to attach these documents did not impede this Courts ability to proceed with the case. As a result, the Court declines to recommend remand based on this *de minimus* procedural defect.

### B. *Subject Matter Jurisdiction*

Plaintiff next argues that this case should be remanded for lack of subject matter jurisdiction. Plaintiff contends that, although Plaintiff's injuries may have resulted from events occurring on a federal enclave, it does not necessarily follow that this action arises under the laws of the United States. (Doc. 14 at 7–11). Plaintiff maintains that, by statute, the rights of parties in personal injury actions occurring on federal enclaves are governed by state law, and therefore no federal question jurisdiction exists. (*Id*. at 11).

Defendant responds that it is well-established that federal enclave jurisdiction is a form of federal question jurisdiction. (Doc. 16 at 9–11). Defendant maintains that, even where federal courts apply state law to actions occurring on federal enclaves, federal courts continue to have subject matter jurisdiction over those controversies. (*Id*.).

Only state civil actions of which federal courts have original jurisdiction may be removed by a defendant. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

---

[3] Defendant's *Amended Notice of Removal*, (Doc. 20), does not allege any additional grounds for removal or supply missing allegations, but rather attaches missing state court documents. Plaintiff has not objected to the *Amended Notice of Removal*, and courts in this Circuit have allowed defendants to amend notices of removal to cure errors in some of the "formalistic technical requirements." *May v. Bd. of Cty. Comm'rs for Cibola Cty.*, 945 F. Supp. 2d 1277, 1294 (D.N.M. 2013) (internal citations omitted).

United States." *Bonadeo v. Lujan*, No. CIV-08-0812 JB/ACT, 2009 WL 1324117, at *7 (D.N.M. Apr. 30, 2009) (unpublished) (citing 28 U.S.C. § 1331). "'A case arises under federal law if its "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

In this case, Defendant asserts that the claims at issue arise under federal law because they involve events that occurred on WSMR, which is a federal enclave under the exclusive jurisdiction of the United States.  By operation of the federal enclave doctrine, Defendant argues, this Court has original jurisdiction over this case.

"The Constitution empowers Congress to exclusively regulate properties acquired from state governments." *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1236 (10th Cir. 2012). Indeed, Congress has the power "[t]o exercise exclusive Legislation in all Cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State . . . for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." U.S. Const. art I, § 8, cl. 17. "Thus, when 'the United States acquires with the consent of the state legislature land within the borders of that State . . . the jurisdiction of the Federal Government becomes exclusive.'" *Allison*, 689 F.3d at 1236 (citing *Paul v. United States*, 371 U.S. 245, 264 (1963)). This property becomes a "federal enclave." *Id.*

It is unclear whether Plaintiff disputes that WSMR is a federal enclave.[4] In any event, it is well-established that WSMR is a federal enclave, as it was ceded to the federal government in 1953. *Richards v. Lockheed Martin Corp. et al.*, No. 11-CV-1033 WJ/CG, at *1 (D.N.M. Mar. 1, 2012) (unpublished). Thus, "[t]he United States has power and exclusive authority 'in all Cases whatsoever'" arising out of WSMR. *Akin*, 156 F.3d at 1034 (citing U.S. Const. art. I, § 8, cl 17).

Plaintiff primarily argues that federal enclave jurisdiction does not necessarily provide a basis for removal, as claims arising from incidents on federal enclaves do not always arise under federal law. Plaintiff specifically alludes to 28 U.S.C. § 5001, which provides that in a civil action for personal injuries on a federal enclave, the rights of the parties are determined by state law.[5] Plaintiff contends that, because the statute requires that "the rights of the parties . . . be governed by the law of the State in which the place is located," Plaintiff's claims do not arise under federal law, and therefore may not be removed based on federal question jurisdiction. This argument is without merit.

Federal enclave jurisdiction is a form of federal question jurisdiction. *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994). Indeed, Congress' exclusive legislative authority over federal enclaves "led courts to conclude that 'United States courts must also have subject matter jurisdiction to adjudicate controversies arising on federal enclaves.'" *Richards*, No. 11-CV-1033 WJ/CG, at *1 (citing *Blahnik v. BASF Corp.*, C.A. No. C-06-410, 2006 WL 2850113, at *3 (S.D. Tex. Oct. 3, 2006) (unpublished)) (denying motion to remand case removed to federal court on the basis of federal question

---

[4] While Plaintiff fails to directly argue that WSMR is not a federal enclave, Plaintiff presents alternative arguments "even if the federal enclave doctrine applies," suggesting that Plaintiff's position is that WSMR is not a federal enclave. (Doc. 14 at 8, ¶ 22).

[5] In the Motion, Plaintiff cites to 16 U.S.C. § 457, which was repealed in December 2014. (Doc. 14 at 8–11). That statute is now cited as 28 U.S.C. § 5001.

jurisdiction over claims arising on WSMR). The Tenth Circuit has specifically held that "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." *Akin*, 156 F.3d at 1034.

Congress' exclusive jurisdiction over federal enclaves is legislative, "meaning the laws and statutes applied to these locations must be supplied by the federal government, not the states." *Allison*, 689 F.3d at 1236 (citing *Pac. Coast Diary v. Dep't of Ag. Of Cal.*, 318 U.S. 285, 294 (1943)); *see Mater v. Holley*, 200 F.2d 123, 124–25 (5th Cir. 1952) (noting that, given the United States' exclusive sovereignty in enclave areas, it would be incongruous to hold that federal courts are without power to adjudicate controversies arising from those areas). As a result, by virtue of arising out of a federal enclave, state laws that may apply to those claims become federal laws. *See, e.g.*, *Allison*, 689 F.3d at 1236 (exercising jurisdiction over claims arising out of federal enclave under New Mexico state law); *OMI Holdings, Inc. v. Howell*, 864 F. Supp. 1046, 1048 (D. Kan. 1994) *aff'd*, 107 F.3d 21 (10th Cir. 1997) (explaining that personal injury actions arising from incidents on federal enclaves may support federal jurisdiction, and that, under 16 U.S.C. § 457, now 28 U.S.C. § 5001, personal injuries sustained within a federal enclave are governed by the state law of the state within which the federal enclave is situated); *Pratt v. Kelly*, 585 F.2d 692, 697 (4th Cir. 1978); *Stokes v. Adair*, 265 F.2d 662, 665 (4th Cir. 1959); *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1468, 1473 (D. Kan.) *on reconsideration*, 846 F. Supp. 1482 (D. Kan. 1994) *aff'd*, 43 F.3d 1484 (10th Cir. 1994); *Stiefl v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1147 (S.D. Cal. 2007).

16

As a result, the state law applied to personal injury actions by operation of 28 U.S.C. § 5001 does not divest this Court of subject matter jurisdiction over this case. Rather, the state laws applied to this action have become federal laws. Since "only federal law applies to federal enclaves," *Richards*, No. 11-CV-1033 WJ/CG, at *4, the Court finds that it has subject matter jurisdiction in this case.

### C. *Statutory Exclusion From Removal*

Finally, Plaintiff argues that this case should be remanded pursuant to 28 U.S.C. § 1445(c), because a state civil action arising under the state's workers' compensation laws may not be removed to a district court. (Doc 14 at 11–12). Plaintiff contends that, given Defendant's argument that it is not subject to liability for injury to an employee except as set forth in the New Mexico Workers' Compensation Act, Plaintiff's claims necessarily arise under New Mexico's workers' compensation laws, and may not be removed. (*Id.*).

In response, Defendant maintains that 28 U.S.C. § 1445(c) does not present an obstacle to removal. (Doc. 16 at 11–14). Defendant argues that Plaintiff has asserted claims of negligence and intentional torts, which are creatures of common law, and do not arise under New Mexico worker's compensation laws. (Doc. 16 at 13). Further, the fact that Defendant has raised the workers' compensation bar as a defense to liability does not defeat this Court's jurisdiction, since a defense generally does not form a basis for removal. (Doc. 16 at 14).

Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." In determining whether a claim "arises under" state workers'

17

compensation laws, a court applies the same framework for analyzing whether a claim "arises under" federal law for purposes of 28 U.S.C. § 1331. *Rubio v. McAnally Enterprises, L.L.C.*, 374 F. Supp. 2d 1052, 1053 (D.N.M. 2005). As stated above, "[a] case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Morris*, 39 F.3d at 1111 (citing *Franchise Tax Board*, 463 U.S. at 27–28).

Thus, in order for a civil action to arise under the workers' compensation laws, Plaintiff's cause of action must either be: (1) created by the workers' compensation laws; or (2) "its resolution must necessarily turn on a substantial question of [workers' compensation laws]." *See Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (citing *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001)). Furthermore, as with establishing federal jurisdiction, it is irrelevant that a defendant has asserted, or is anticipated to assert, a defense under the workers' compensation laws. *Valden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . ."); *see e.g., Vaughan v. Sears Logistics Servs., Inc.*, No. 6:11-CV-00011, 2011 WL 3584974, at *2 (W.D. Va. Aug. 15, 2011) (unpublished) (denying a motion to remand based on § 1445(c) where the complaint sounded in negligence, noting that it is immaterial that the defendant had asserted a defense based on the workers' compensation statute; *Hernandez v. Gregory Land Dev. II, LLC*, No. 09-61173-CIV, 2009 WL 3334322, at *1-2 (S.D. Fla. Oct. 15, 2009) (unpublished) ("The fact that a defense may invoke employer immunity [under the state's workers' compensation laws] does not trigger the ban on

removal contained in § 1445(c).”). Indeed, the question under the workers’ compensation statute “must appear on the face of plaintiff’s well-pleaded complaint.” *Nicodemus*, 318 F.3d at 1235.

Here, in his Complaint, Plaintiff alleges that Defendants engaged in intentionally tortious and negligent conduct. (Doc. 1-1 at 4–8). Plaintiff does not allege workers’ compensation law as an element of any of his claims, or otherwise refer to the New Mexico Worker’s Compensation Act (“NMWCA”). In fact, “[c]ommon law claims generally do not arise under a state’s workmen’s compensation laws.” *Spearman v. Exxon Coal USA, Inc.,* 16 F.3d 722, 724 (7th Cir.1994); *see, e.g., Nunn v. St. Paul Travelers*, No. CIVA05CV01246WDM, 2006 WL 827403, at *2 (D. Colo. Mar. 28, 2006) (unpublished); *Hernandez*, 2009 WL 3334322, at *1–2; *Vaughan*, 2011 WL 3584974, at *2.

Defendant cites to the NMWCA as a defense to Plaintiff’s negligence claims, asserting that Plaintiff’s exclusive remedy in pursuing these claims is under the NMWCA. (Doc. 7 at 8). However, “the mere presence of workers[’] compensation law in a cause of action is not enough” to remove an action under 28 U.S.C. § 1445(c). *Intermountain Consulting Grp., Inc. v. Guarantee Ins. Co.*, No. 2:13-CV-13-DN, 2014 WL 1350326, at *3 (D. Utah Mar. 31, 2014) (unpublished) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 813 (1986)). Because workers’ compensation law is not an element of any of Plaintiff’s claims, does not provide the remedies for Plaintiff’s claims, and is not a substantial question presented by Plaintiff’s claims, “the mere presence of workers compensation law in the background does not

convert Plaintiff's . . . common law . . . claims in to workers' compensation claims." *Id*. at *4.

Therefore, the Court finds that this action is not precluded from removal under 28 U.S.C. § 1445(c), as Plaintiff's claims do not arise out of the NMWCA. As a result, the Court does not recommend remanding this matter to state court on this ground.

### IV.   Recommendation

For the foregoing reasons, the Court finds that Defendant C. Ortiz Corp.'s Notice of Removal was timely, and that any other procedural defect has been cured. Furthermore, the Court finds that this Court has subject matter jurisdiction over the action. Thus, the Court finds that Plaintiffs Motion to Remand should be denied.

In addition, the Court finds that Plaintiff's Motion to Stay should be denied as moot, since the Court has already granted the relief requested.

**IT IS THEREFORE RECOMMENDED** that:

(1) *Plaintiff's Motion to Remand*, (Doc. 14), be **DENIED**; and that

(2) *Plaintiff's Opposed Motion to Stay Ruling on Defendant C. Ortiz Corp.'s Motion to Dismiss (Doc. 7), Pending the Court's Ruling on Plaintiff's Motion to Remand*, (Doc. 13), be **DENIED AS MOOT.**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE