## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

REFUGIO RAMOS,

       Plaintiff,

vs.                                  CV No. 15-980 MV/CG

C. ORTIZ CORP., FOAM AMERICA, INC.,
GREAT NORTHERN BUILDING
PRODUCTS, GREAT NORTHERN
HOLDING, LLC, REEVES ROOFING
EQUIPMENT CO., INC., REEVES
ROOFING COMPANY, LLC, and
NOVA GROUP HOLDINGS, LLC,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), (Doc. 36), filed January 27, 2016. The PFRD recommended that the Court deny Plaintiff Refugio Ramos' *Motion to Remand* ("Motion to Remand"). (Doc. 14).

The parties were notified that written objections to the PFRD were due within 14 days, and that failure to object would not allow for appellate review. (Doc. 36 at 20). Plaintiff timely filed *Plaintiff's Objections to the Proposed Findings and Recommended Disposition of the Magistrate Judge (Doc. 36)* ("Objections"), (Doc. 39), on February 10, 2016. Defendants have not filed a response, and the deadline for doing so has passed. *See* FED. R. CIV. P. 72(b)(2). After a *de novo* review of Plaintiff's objections, the Court adopts Judge Garza's PFRD.

### I.   Factual and Procedural Background

On August 26, 2015, Plaintiff filed *Plaintiff's Original Complaint for Personal Injuries* (the "Complaint"), (Doc. 1-1 at 2–13), in the Third Judicial District Court in Doña Ana County, New Mexico. In the Complaint, Plaintiff alleges that he suffered severe injuries while working as a master roofer for Defendant C. Ortiz Corp., and alleges claims against several defendants. (*Id*. at 4). Plaintiff asserts that the defendants' intentional and negligent conduct proximately caused his injuries, and seeks compensatory and punitive damages. (*Id*. at 4–8).

The state court record reflects that Defendant C. Ortiz Corp. was served with the Complaint on September 23, 2015. Defendant Foam America appeared and answered the state court action on September 25, 2015. The remaining defendants had not yet appeared or otherwise entered the suit.[1]

On October 29, 2015, Defendants C. Ortiz Corp. and Foam America ("Defendants") filed their *Notice of Removal* ("Notice of Removal"), (Doc. 1), on the basis of federal enclave jurisdiction. Thereafter, Plaintiff filed his Motion to Remand, arguing that this case should be remanded to state court on several procedural and jurisdictional grounds. (Doc. 14). Defendant C. Ortiz Corp. ("Defendant") responded in opposition, arguing that any procedural defects had been cured, and that this Court otherwise has jurisdiction over the case. (Doc. 16).

The Court referred Plaintiff's Motion to Remand to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 23). Judge Garza concluded that Defendants' Notice of Removal was timely, and that any other procedural defects in removal were *de minimus*. In addition, Judge Garza found that this Court has subject matter

---

[1] The record reflects that Defendants Great Northern Building Products and Great Northern Holding, LLC answered the Complaint on December 4, 2015, after the case had been removed to federal court. (Doc. 15). Defendants Nova Group Holdings, LLC, Reeves Roofing Equipment Co., Inc., and Reeves Roofing Company, LLC, have not yet appeared in this lawsuit.

jurisdiction to hear this case, as the underlying issues involve injuries that occurred on a federal enclave. Finally, Judge Garza concluded that this action was not precluded from removal under 28 U.S.C. § 1445(c). Accordingly, Judge Garza ultimately recommended that Plaintiff's Motion to Remand be denied.

## II.     Objections

### A.  *Law Relating to Objections*

After a magistrate judge files her recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In addition, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (internal citations omitted).

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). In doing so, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

### B.  *Plaintiff's Objections to the PFRD*

In the PFRD, Judge Garza concluded that Defendants' Notice of Removal was timely, and that any other procedural defects in removal were *de minimus*. In addition, Judge Garza found that this Court has subject matter jurisdiction to hear this case, as the underlying issues involve injuries that occurred on a federal enclave. Finally, Judge Garza concluded that

this action was not precluded from removal under 28 U.S.C. § 1445(c). As a result, Judge Garza

found no basis to remand the case, and recommended that Plaintiff's Motion to Remand be

denied.

Plaintiff objects to Judge Garza's findings that Defendants' Notice of Removal was

timely and that this Court has subject matter jurisdiction to hear this case. As to the timeliness of

Defendants' Notice of Removal, Plaintiff reiterates his underlying argument that the thirty-day

period by which Defendants must have removed the case was triggered on September 25, 2015,

the day they were served with Plaintiff's Complaint. Because Defendants removed this case on

October 29, 2015, over thirty days after service of the Complaint, Plaintiff argues that the Notice

of Removal is untimely. As to the issue of subject matter jurisdiction, Plaintiff maintains that,

because Congress has legislated that state law shall apply to personal injury actions for injuries

sustained on a federal enclave, Plaintiff's claims do not arise under federal law, and therefore

this Court does not have original jurisdiction to hear this case.

Defendants have not responded to Plaintiff's Objections.

1. *Timeliness of the Motion to Remand*

In the PFRD, Judge Garza found that Plaintiff's Complaint did not trigger

Defendant's thirty-day removal period because it failed to clearly and unequivocally notify

Defendant of its right to removal. Judge Garza based this finding on the fact that the Complaint

contains information indicating that Plaintiff's injury may have taken place in Las Cruces, New

Mexico, or on White Sands Missile Range ("WSMR"). Because Defendant relies on the fact that

Plaintiff's injuries occurred on WSMR to establish federal jurisdiction, Judge Garza concluded

that the Complaint did not clearly and unequivocally notify Defendant of its right to removal,

and therefore the Notice of Removal was not untimely.

In his Objections, Plaintiff argues that the Complaint makes it clear that Plaintiff's actual injury took place on WSMR, as the Complaint states that the injury took place while Plaintiff was working as a roofer on the job-site at WSMR. Further, Plaintiff contends that "intelligent persons could understand" from the Complaint that the injuries occurred on WSMR, as Defendant refers to this fact in several of the papers filed with this Court, including the Notice of Removal.

> In order to remove an action from state court, a defendant must file
>
> a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action.

28 U.S.C. § 1446(a). The removal statute requires that the notice of removal of a civil action be filed within thirty days after either: (1) "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading;" or (2) if the case stated by the initial pleading is not removable, "the receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. at § 1446(b)(1), (3).

As Judge Garza stated in the PFRD, the Tenth Circuit has explained that, in order for the thirty-day period to run, the notice that the action is removable must be unequivocal, and that the statement of removability should not be ambiguous, or require an extensive investigation to determine removability. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998). This Circuit rejected the rule from other circuits, which requires a defendant to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist. *Id*. at 1036.

As stated above, Defendant seeks removal of this case based on federal enclave jurisdiction. (Doc. 1 at 2–3). Thus, the fact that the injuries occurred on WSMR, a federal enclave, is a fact relevant to Defendant's alleged basis of jurisdiction. In the Complaint, Plaintiff alleges that "[t]he job-site was located at the White Sands' [sic] Missile Range of Alamogordo, New Mexico." (Doc. 1-1 at 4, ¶10). Plaintiff further alleges that "[o]n Monday, March 2, 2009, Defendants were installing sewer pipe at Roadrunner Parkway, Las Cruces, New Mexico, beginning at 7:00 a.m." ("Paragraph 13"). (*Id*. at ¶ 13). Immediately following in the next paragraph, Plaintiff goes on to describe events leading up to Plaintiff's injury while working on the roof of a building on November 19, 2013. (*Id*. at ¶ 14). Plaintiff does not indicate whether this location was at WSMR or on Roadrunner Parkway in Las Cruces. Defendant has relied on federal enclave jurisdiction as the basis of removal; however, the location where Plaintiff was injured, as described in the Complaint, does not clearly indicate that the right to removal exists.

Plaintiff maintains that Paragraph 13 is a typographical error that has no bearing on Defendant's right to remove, as it does not allege that Plaintiff's injury took place on Roadrunner Parkway in Las Cruces. In addition, Plaintiff urges that the Complaint clearly states that Plaintiff's injuries were sustained during his work as a master roofer, and that the roofing project obviously took place at WSMR. This argument is not persuasive. While Plaintiff is correct that Paragraph 13 does not actually allege that the injury occurred on Roadrunner Parkway, Paragraph 13 does state that Defendants were installing sewer pipe on Roadrunner Parkway. Subsequently, in the paragraph immediately following ("Paragraph 14"), Plaintiff describes the details of the injury without indicating where that injury took place. (Doc. 1-1 at ¶¶ 13–14). Indeed, Paragraph 14 does not refer to the "job-site" or to any geographic location. (*Id*. at ¶14).

6

Furthermore, even though the Complaint indicates that Plaintiff's injuries were sustained in connection to his work as a "master roofer," the Complaint does not specifically state that the job-site for the roofing project was at WSMR. (*See id*. at ¶ 10 ("The job-site was located at [WSMR]."). The Complaint does not otherwise indicate that Paragraph 13's reference to the installation of sewer pipe in Las Cruces is irrelevant to Plaintiff's work for Defendants as a roofer, and his resulting injuries. As a result, based on a reading of the Complaint as a whole, the injury could have taken place on WSMR, or on Roadrunner Parkway in Las Cruces. Thus, it cannot be said that the Complaint clearly and unequivocally notified Defendant of its right to removal. *See Zamora v. Wells Fargo Home Mortgage*, 831 F. Supp. 2d 1284, 1296 (D.N.M. 2011) (holding that because it was possible that the plaintiff may be seeking more than $75,000.00, but also possible that the plaintiff could be seeking less, the original complaint did not clearly and unequivocally make the defendant aware of its right to removal).

Plaintiff also emphasizes that Defendant clearly knew the location of the injuries, as exhibited by its filings with this Court. However, the standard for triggering the thirty-day removal period is not whether a defendant is actually aware of grounds for removability. Rather, in order for the thirty-day period to be triggered, "this [Circuit] requires clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer or an interrogatory." *Akin*, 156 F.3d at 1036. Because a defendant has no duty to investigate and determine removability in this Circuit, a defendant's independent investigation of the removability of the case cannot replace the "clear and unequivocal notice" requirement.

Therefore, this Court agrees with Judge Garza's conclusion that Plaintiff's Complaint did not trigger Defendant's thirty-day removal period because it failed to clearly and unequivocally notify Defendant of its right to removal. This Court also agrees that Plaintiff first

clearly and unequivocally gave Defendant notice that the underlying events in this case took

place on WSMR in his Motion to Remand. (*See* Doc. 14 at 2–3, ¶ 3). Accordingly, Defendant's

Notice of Removal was timely.

### 2. *Subject Matter Jurisdiction*

Judge Garza also concluded that the Court has subject matter jurisdiction to hear this case

based on the fact that the events occurred on WSMR, which is a federal enclave. Specifically,

Judge Garza found that 28 U.S.C. § 5001, which provides that, in a civil action for personal

injuries on a federal enclave, the rights of the parties are determined by state law, does not divest

the Court of subject matter jurisdiction over this case.[2]

Plaintiff objects, and argues that, despite the fact that WSMR is a federal enclave, by

virtue of 28 U.S.C. § 5001, Plaintiff's claims "arise under" New Mexico state law, not federal

law, and therefore this Court does not have subject matter jurisdiction over this case.

As explained in the PFRD, pursuant to 28 U.S.C. 1441(a), a defendant may

remove a state civil action "to the district court of the United States for the district and division

embracing the place where such action is pending," if the federal district court has original

jurisdiction over the matter. Given the federal court's role as a limited tribunal, there is a

presumption against removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289

(10th Cir. 2001) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). Indeed,

"[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against

removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982)

---

[2] Much of the case law discussed in this Order cites to 16 U.S.C. § 457, which was repealed in December 2014. That statute is now cited as 28 U.S.C. § 5001 which provides:

> In a civil action brought to recover on account of an injury sustained [in a place subject to the exclusive jurisdiction of the United States within a State], the rights of the parties shall be governed by the law of the State in which the place is located.

28 U.S.C. § 5001.

(internal citations omitted). As a result, "[t]he removing party bears the burden of establishing the requirements for federal jurisdiction." *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1198 (D.N.M. 2012) (internal citations omitted).

Only state civil actions of which federal courts have original jurisdiction may be removed by a defendant. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Bonadeo v. Lujan*, No. CIV-08-0812 JB/ACT, 2009 WL 1324117, at *7 (D.N.M. Apr. 30, 2009) (unpublished) (citing 28 U.S.C. § 1331). "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)).

In his Objections, Plaintiff reiterates his argument that federal enclave jurisdiction does not necessarily provide a basis for removal, as claims arising from incidents on federal enclaves do not always arise under federal law. Plaintiff specifically refers to 28 U.S.C. § 5001, which provides that in a civil action for personal injuries on a federal enclave, the rights of the parties are determined by state law. Plaintiff contends that, because the statute requires that "the rights of the parties . . . be governed by the law of the State in which the place is located," Plaintiff's claims do not arise under federal law, and therefore may not be removed based on federal question jurisdiction.

"The Constitution empowers Congress to exclusively regulate properties acquired from state governments." *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1236 (10th Cir. 2012). Indeed, Congress has the power "[t]o exercise exclusive Legislation in all Cases whatsoever . . .

over all Places purchased by the Consent of the Legislature of the State . . . for the Erection of

Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." U.S. Const. art I, § 8, cl.

17. "Thus, when 'the United States acquires with the consent of the state legislature land within

the borders of that State . . . the jurisdiction of the Federal Government becomes exclusive.'"

*Allison*, 689 F.3d at 1236 (citing *Paul v. United States*, 371 U.S. 245, 264 (1963)). This property

becomes a "federal enclave." *Id*. In his Objections, Plaintiff does not dispute that WSMR is a

federal enclave.

In the PFRD, Judge Garza explained that federal enclave jurisdiction is a form of federal

question jurisdiction. *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994). Congress' exclusive

legislative authority over federal enclaves "led courts to conclude that 'United States courts must

also have subject matter jurisdiction to adjudicate controversies arising on federal enclaves.'"

*Richards v. Lockheed Martin Corp. et al.*, No. 11-CV-1033 WJ/CG, at *1 (D.N.M. Mar. 1, 2012)

(unpublished) (citing *Blahnik v. BASF Corp.*, C.A. No. C-06-410, 2006 WL 2850113, at *3 (S.D.

Tex. Oct. 3, 2006) (unpublished)) (denying motion to remand case removed to federal court on

the basis of federal question jurisdiction over claims arising on WSMR). As a result, by virtue of

arising out of a federal enclave, state laws that may apply to those claims pursuant to provisions

such as 28 U.S.C. § 5001 become federal laws. In the context of personal injury claims, Judge

Garza noted that the Tenth Circuit has specifically held that "[p]ersonal injury actions which

arise from incidents occurring in federal enclaves may be removed to federal district court as a

part of federal question jurisdiction." *Akin*, 156 F.3d at 1034.

Plaintiff argues that this proposition, and the cases Judge Garza cites in support of her

conclusion that there is subject matter jurisdiction in this case, do not apply to the facts at bar.

This Court does not agree.

Plaintiff first argues that *Akin* is distinguishable from the facts here, since it held that personal injury claims occurring on federal enclaves may be removed to federal court as part of federal question jurisdiction only in the absence of a federal statute providing otherwise. However, the *Akin* Court squarely held that "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." 156 F.3d at 1034. This holding was not conditioned on the absence of a federal statute providing a different rule. In addition, *Akin* was decided at a time when 28 U.S.C. § 5001, previously cited as 16 U.S.C. § 457, was in effect, and was presumably based upon that statute's existence. *Stokes v. Adair*, 265 F.2d 662, 666 (4th Cir. 1959). The Court fails to see, and Plaintiff has failed to demonstrate, how *Akin* is otherwise distinguishable from the case at bar.

Plaintiff further contends that, in several other cases to which Judge Garza cites for the proposition that federal courts retain jurisdiction over personal injury actions arising out of federal enclaves, removal jurisdiction pursuant to the federal enclave doctrine was not contested by the parties. *See Allison*, 689 F.3d at 1236 (exercising jurisdiction over claims arising out of a federal enclave under New Mexico state law); *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1468, 1473 (D. Kan.) *on reconsideration*, 846 F. Supp. 1482 (D. Kan. 1994) *aff'd*, 43 F.3d 1484 (10th Cir. 1994) (exercising jurisdiction over personal injury claims arising out of a federal enclave, and incorporating current Kansas state law pursuant to 16 U.S.C. § 457, now 28 U.S.C. § 5001); *Stiefl v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1147 (S.D. Cal. 2007). This contention is similarly unavailing. Indeed, it is a basic tenet of federal civil procedure that "[i]f the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "It is axiomatic that [federal courts] are obliged to independently inquire into the propriety of [their]

jurisdiction." *United States v. Battles*, 745 F.3d 436, 447 (10th Cir. 2014). Thus, the fact that

federal courts proceeded to the merits of claims governed by 28 U.S.C. § 5001 actually supports

the conclusion that federal courts have subject matter jurisdiction over personal injury actions

arising out of federal enclaves.

In addition, Plaintiff attempts to distinguish other cases on the grounds that they were not

removed to, but originally brought in federal court, and are cases in which the courts ultimately

found that federal courts have concurrent jurisdiction with state courts over claims arising out of

federal enclaves. *See Mater*, 200 F.2d at 124–25; *Stokes*, 265 F.2d at 665–66. The Court finds

these distinctions to be irrelevant, as the *Mater* and *Stokes* Courts ultimately found that federal

courts have original jurisdiction over claims that arise on a federal enclave under 28 U.S.C. §

1331, which is precisely what Plaintiff claims is lacking here. *See Mater*, 200 F.2d at 124–25

(holding that an action arising out of a federal enclave arises under the laws of the United States

within the meaning of 28 U.S.C. § 1331, and therefore should not have been dismissed for lack

of subject matter jurisdiction); *Stokes*, 265 F.2d at 665–66 (holding that the district court had

jurisdiction over the case by virtue of it arising out of a federal enclave, and under the express

provisions of 16 U.S.C. § 457, now 28 U.S.C. § 5001). Furthermore, "[e]xisting federal

jurisdiction is not affected by concurrent jurisdiction in the state courts." *Mater*, 200 F.2d at 125.

Finally, Plaintiff maintains that *OMI Holdings, Inc. v. Howell*, 864 F. Supp. 1046 (D.

Kan. 1994) *aff'd,* 107 F.3d 21 (10th Cir. 1997), to which Judge Garza also cited in support of her

conclusion, does not apply to this case. Plaintiff is correct that the *OMI Holdings* case was

removed from state court upon diversity jurisdiction grounds, and is, as a result, not directly

analogous to the facts of this case. However, in dicta, the *OMI Holdings* Court explained that

> [i]t may be more correct to base this court's subject matter jurisdiction upon 28
> U.S.C. § 1331, the federal question statute, since the events in question occurred

> in a federal court building, a federal enclave. Cases hold that "personal injury actions arising from incidents on federal enclaves may support district court jurisdiction under § 1331." *Fung v. Abex Corp.,* 816 F.Supp. 569, 571 (N.D.Cal.1992) citing, *Willis v. Craig,* 555 F.2d 724, 726 (9th Cir.1977) and *Mater v. Holley,* 200 F.2d 123 (5th Cir.1952). Under 16 U.S.C. § 457, injuries sustained because of the neglect or wrongful act of someone within a place subject to the exclusive jurisdiction of the United States are governed by the state law of the state within which the federal enclave is situated.

*OMI Holdings, Inc. v. Howell*, 864 F. Supp. 1046, 1048 (D. Kan. 1994) *aff'd,* 107 F.3d 21 (10th Cir. 1997). Despite the fact that the *OMI Holdings* Court did not rule on the exact issue before this Court, the Court finds its reasoning persuasive and supportive of the conclusion that the Court has subject matter jurisdiction over this matter.

Instead, Plaintiff urges this Court to consider *Pratt v. Kelly*, 585 F.2d 692 (4th Cir. 1978), arguing that it is highly relevant to this case. There, the Fourth Circuit held that the district court did not have jurisdiction over a matter brought under federal enclave jurisdiction because the state had explicitly retained jurisdiction over such cases at the time the land was ceded to the federal government. *Id*. at 697. Those are simply not the facts presented here. In fact, the *Pratt* Court explains that, under 16 U.S.C. § 457, now 28 U.S.C. § 5001, "on a federal reservation in which exclusive jurisdiction has been obtained by the United States[,] [ ] a State's civil statute become[s] a law of the United States." *Id*. However, because in that case Virginia had expressly reserved jurisdiction in civil cases arising out of an area considered a national park, the *Pratt* Court ultimately found that there was no federal question jurisdiction under 28 U.S.C. § 1331. Turning to the case at bar, Plaintiff has not provided any indication that the State of New Mexico expressly retained jurisdiction over civil cases on WSMR at the time it was ceded to the United States. Thus, while the final holding in *Pratt* is not relevant to the questions presented in this case, its reasoning and explanation of federal enclave jurisdiction under 16 U.S.C. § 457, now 28 U.S.C. § 5001, is instructive, and supportive of a finding of jurisdiction here.

For these reasons, this Court finds that Plaintiff's argument and reliance on *Pratt* are misplaced. The Court agrees with Judge Garza that case law establishes that the state law applied to personal injury actions by operation of 28 U.S.C. § 5001 does not divest this Court of subject matter jurisdiction over this case, and that the Court has subject matter jurisdiction to consider the merits of Plaintiff's claims.

### III.    Conclusion

For the reasons stated above, the Court will **ADOPT** the Magistrate Judge's recommendations in the PFRD. **IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Remand*, (Doc. 14), be **DENIED**.


Dated:  May 20, 2016


_____
THE HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

14