IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REFUGIO RAMOS,

    Plaintiff,

v.                                                                           CV No. 15-980 CG/KRS

FOAM AMERICA, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants Great Northern Holding and HECO's Motion for Summary Judgment as to Count IV of Plaintiff's Complaint Alleging Reckless, Willful and Wanton Conduct* (the "Motion"), (Doc. 235), filed May 1, 2018; *Plaintiff's Response to Defendants Great Northern Holding and HECO's Motion for Summary Judgment as to Count IV of Plaintiff's Complaint Alleging Reckless, Willful and Wanton Conduct (Doc. 235)* (the "Response"), (Doc. 241), filed May 25, 2018; and *Defendants Great Northern Holding and HECO's Reply in Support of Their Motion for Summary Judgment as to Plaintiff's Claim for Punitive Damages Pursuant to Count IV—Reckless, Willful and Wanton Conduct* (the "Reply"), (Doc. 244), filed June 12, 2018. Having considered the briefs, the record of the case, and relevant law, *Defendants Great Northern Holding and HECO's Motion for Summary Judgment as to Count IV of Plaintiff's Complaint Alleging Reckless, Willful and Wanton Conduct*, (Doc. 235), is **GRANTED**, and Plaintiff's reckless, willful, and wanton conduct claim against Defendants Great Northern Holding and Harrisonville Equipment Company is **DISMISSED**.

## I. Background

Plaintiff alleges Defendants Great Northern Holding, LLC ("Great Northern") and Harrisonville Equipment Company ("HECO") are liable for injuries he sustained on November 19, 2013, while working on a roofing job when a tar lugger overturned, spraying and burning Plaintiff with hot tar. (Doc. 85 at 4). The tar lugger was manufactured by Defendant Reeves Roofing Equipment Co., Inc. ("Reeves"), and was purchased by Defendant C. Ortiz Corporation ("C. Ortiz) from a third party approximately ten years before the incident. (Doc. 173 at 3, ¶¶ 1-2); (Doc. 173-1 at 2). On October 15, 2012, Great Northern and Reeves entered into an Asset Purchase Agreement in which Reeves sold its assets to Great Northern, and on January 1, 2014, Great Northern assigned all of the assets it acquired from Reeves to HECO. (Doc. 173 at 4, ¶¶ 3, 7).

In his Amended Complaint, Plaintiff brings the following claims against Great Northern and HECO: (1) strict liability; (2) negligence; and (3) reckless, willful, and wanton conduct. (Doc. 85 at 5-6). On April 5, 2018, the Court entered a Memorandum Opinion and Order granting Great Northern and HECO's motion for summary judgment on Plaintiff's claims for strict products liability and negligence. (Doc. 229). Plaintiff filed a motion to reconsider the findings in that Order, (Doc. 236), and, on August 13, 2018, the Court entered an Order denying Plaintiff's motion to reconsider, (Doc. 252).

In their Motion, Great Northern and HECO contend they are entitled to summary judgment on Plaintiff's reckless, willful, and wanton conduct claim because the Court has already found they are not liable under negligence or strict products liability theories. *Id.* at 4-10. Because Plaintiff's remaining claim requires a higher level of

culpability, Great Northern and HECO contend Plaintiff's claim for reckless, willful, and wanton conduct, and for an award of punitive damages, should be dismissed. *Id.* at 7-10.

In his Response, Plaintiff states: "If Great Northern Defendants are not liable under successor liability and do not have a post-sale duty to warn, then the issue of reckless, willful and wanton conduct is not applicable to Great Northern Defendants." (Doc. 241 at 7). Nevertheless, Plaintiff contends the Court's findings in its April 5, 2018 Memorandum Opinion and Order, (Doc. 229), are erroneous for the reasons stated in Plaintiff's motion for reconsideration, (Doc. 236). *Id.* at 2-7. Plaintiff states the Court's findings are not the law of the case because it has not disposed of all of Plaintiff's claims against Great Northern and HECO and a final judgment has not been entered. *Id.* at 5-7. Plaintiff also argues Great Northern and HECO acted recklessly by failing to warn of the high risk of danger of the Reeves tar luggers. *Id.* at 8-13.

In their Reply, Great Northern and HECO contend the Court's findings in its Memorandum Opinion and Order, (Doc. 229), are correct. (Doc. 244 at 1-6). Because the Court has granted summary judgment for Great Northern and HECO on Plaintiff's negligence and strict products liability claims, these Defendants argue Plaintiff's reckless, willful, and wanton conduct claim must be also be dismissed. *Id.* at 6.

**II.     Analysis**

Plaintiff's remaining claim for reckless, willful, and wanton conduct requires a finding that Great Northern and HECO acted intentionally or with a higher level of culpability than what is required for negligence or strict products liability. *See* UJI 13-1827 NMRA (defining willful conduct as "the intentional doing of an act with the

knowledge that harm may result;" defining reckless conduct as "the intentional doing of an act with utter indifference to the consequences;" and defining wanton conduct as "the doing of an act with utter indifference to or conscious disregard for a person's safety"). The Court has already dismissed Plaintiff's strict products liability claim because Great Northern and HECO are not successors in interest to Reeves. (Doc. 229 at 5-16). The Court has also dismissed Plaintiff's negligence claim because these Defendants did not have a duty to warn of alleged defects of the Reeves' tar lugger. *Id.* at 16-18.

Plaintiff acknowledges that if the Court's prior findings stand, "the issue of reckless, willful and wanton conduct is not applicable to Great Northern Defendants." (Doc. 241 at 7). Plaintiff contends the Court's findings are erroneous for the reasons set forth in his motion to reconsider the dismissal of Plaintiffs' strict liability claim. (Doc. 241 at 2-7). However, on August 13, 2018, the Court denied Plaintiff's motion to reconsider, and again found that the facts of this case do not satisfy any of the recognized exceptions to the general rule of successor non-liability. (Doc. 252 at 4-11).

Plaintiff also argues that the Court should reconsider its finding that Great Northern and HECO did not have a duty to warn of alleged defects in the Reeves tar lugger. (Doc. 241 at 8-13). In its Memorandum Opinion and Order, (Doc. 229), the Court explained that a successor corporation acquires a duty to warn of defects in its predecessor's products "only when there is a nexus between the successor corporation, its predecessor's customers, and the allegedly defective product." (Doc. 229 at 16) (quoting *Garcia v. Coe Mfg. Co.*, 1997-NMSC-013, ¶ 24, 933 P.2d 243). The Court found the facts of this case do not demonstrate such a nexus because Great Northern and HECO never serviced the tar lugger at issue, had no knowledge of who owned the

tar lugger, had no knowledge that the tar lugger suffered from an alleged defect, and did not agree to provide maintenance or repair services for Reeves products that had previously been sold. *Id.* at 17. The Court noted that Plaintiff did not address this argument in his response to Great Northern and HECO's motion for summary judgment, and did not dispute the facts relied on by the Court. *Id.* at 16-17.

Plaintiff now contends that Great Northern and HECO acted recklessly by not warning of the tar lugger's extreme risk of danger because "as the risk of danger increases, so does the duty of care." (Doc. 241 at 8). Plaintiff is correct that an increased risk of danger can increase a defendant's level of culpability from negligent to reckless, willful, or wanton. *See, e.g., Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 13, 881 P.2d 11 (explaining that a wrongdoer's conduct must be assessed in light of the risks arising from the activity, and, as the risk increases, "conduct that amounts to a breach of duty is more likely to demonstrate a culpable mental state"). However, that assessment presupposes the existence of a duty from the defendant to the plaintiff. As explained in the Court's Memorandum Opinion and Order, a tort claim first requires the Court to determine the existence of a duty from a defendant to a plaintiff, and the Court found that Great Northern and HECO did not acquire a duty as successors to warn of alleged defects in the Reeves' tar lugger. (Doc. 229 at 14-17). Absent the existence of a duty to warn, the level of risk presented by the tar lugger is irrelevant. *See Herrera v. Quality Pontiac*, 2003-NMSC-018, 73 P.3d 181 (explaining the question of whether a duty is owed is the "threshold question of law" in determining a tort claim). Therefore, the Court finds that Great Northern and HECO are entitled to summary judgment on Plaintiff's claim for reckless, willful, or wanton conduct.

### III. Conclusion

For the reasons stated above, the Court finds that Great Northern and HECO are entitled to summary judgment on Plaintiff's claim for reckless, willful, and wanton conduct.

**IT IS THEREFORE ORDERED** that *Defendants Great Northern Holding and HECO's Motion for Summary Judgment as to Count IV of Plaintiff's Complaint Alleging Reckless, Willful and Wanton Conduct*, (Doc. 235), is **GRANTED**, and Plaintiff's reckless, willful, and wanton conduct claim against Defendants Great Northern Holding and Harrisonville Equipment Company is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE